UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CSX TRANSPORTATION, INC.,

                Plaintiff,

    v.                                    7:09-cv-19

CLEAVES ENTERPRISES, INC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff CSX Transportation commenced suit against Defendant Cleaves Enterprises in January 2009.  Defendant failed to appear and default judgment was entered in favor of Plaintiff in the amount of $55,455.40.  To execute the judgment, Plaintiff served Harry Cleaves, Defendant's former president, with a subpoena seeking the production of certain documents pertaining Defendant's available assets.  Cleaves failed to respond to the subpoena.  Despite further efforts to obtain compliance with the subpoenas, Cleaves did not supply the documents.

        In April 2010, Plaintiff moved to compel the production of documents.  Cleaves failed to respond to the motion and, in February 2011, the Magistrate Judge entered an order requiring Cleaves to produce the subpoenaed documents.  Cleaves did not respond.

        Defendant now moves pursuant to Fed. R. Civ. P. 45(e) to hold Cleaves in contempt of the court for failure to with the Rule 37(a) order to compel.

A contempt order is a "potent weapon" that should not be used "when there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (quoting International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76, 88 S. Ct. 201, 208, 19 L. Ed.2d 236 (1967) and California Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618, 5 S. Ct. 618, 622, 28 L. Ed. 1106 (1885).  A contempt order is warranted when the movant establishes by clear and convincing evidence that: (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.  King, 65 F.3d at 1058.

The Court finds that Plaintiff has satisfied its burden.  The February 18, 2011 Order clearly and unambiguously directed Cleaves to produce the documents described in the subpoena within twenty days of service of the Order.  That Order further specifically advised that failure to comply could result in a finding of contempt.  An Amended Order was issued on March 2, 2011.  This Order also was clear and unambiguous.  That Order contained the identical language as the February 18 Order, but corrected the current address of Plaintiff's law firm.

Similarly, the record demonstrates that, despite being served with the Orders, Cleaves has not complied with them.  Notwithstanding Plaintiff's multiple efforts to secure compliance, it appears that there has been no response by Cleaves.  Finally, and for similar reasons, there is no indication in the record that Cleaves has made any reasonable attempt to comply with the Order, respond to Plaintiff, or challenge the Order.

For the foregoing reasons, the Court finds that Plaintiff has established by clear and convincing evidence that Cleaves is in contempt of court and that he has done so wilfully.

Plaintiff next seeks an award of attorneys' fees. "[T]he sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party." <u>Weitzman v. Stein</u>, 98 F.3d 717, 719 (2d Cir. 1996). "The district court . . . may award appropriate attorney fees and costs to a victim of contempt." <u>Id</u>. "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." <u>Id</u>. "'[I]t is appropriate for the court . . . to award the reasonable costs of prosecuting the contempt, including attorney's fees, if the violation of the decree is found to have been willful.'" <u>Id</u>. quoting <u>Vuitton et Fils S.A. v. Carousel Handbags</u>, 592 F.2d 126, 130 (2d Cir. 1979).

In light of the foregoing analysis, the Court finds that an award of attorneys' fees is appropriate with respect to the prosecution of the contempt. On or before August 11, 2011, Plaintiff shall submit for the Court's review an itemized bill showing the attorneys' fees it incurred in prosecuting the contempt and shall also serve a copy of this Order and its proposed attorneys fees on Cleaves. Cleaves may file a response to the amount of attorneys' fees Plaintiff is seeking on or before August 22, 2011.

For the foregoing reasons, Plaintiff's motion finding Cleaves to be in contempt is GRANTED and its motion for attorney's fees also is GRANTED with respect to those fees it incurred in prosecuting the contempt motion and conditioned upon Plaintiff's compliance with the terms of this Order.

IT IS SO ORDERED.

Dated: August 2, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge